IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | CIVIL ACTION NO. 08-655-DRH |
| v. | ) | |
| MENARD, INC. | ) | C O M P L A I N T |
| Defendant. | ) ) | |
| | ) | JURY TRIAL DEMAND |
| | ) ) ) | |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of sex and to provide appropriate relief to Brenda Coe who was adversely affected by such practices. Defendant Menard, Inc. ("Defendant") violated Title VII by demoting Brenda Coe from her Department Manager position because she was trying to get pregnant.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3) ("Title VII"), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for Southern District of Illinois.

## PARTIES

3.      Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4.      At all relevant times, Defendant Menard, Inc., has continuously been doing business in the State of Illinois, and has continuously had at least 15 employees.

5.      At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## STATEMENT OF CLAIMS

6.      More than thirty days prior to the institution of this lawsuit, Brenda Coe filed a charge with the Commission alleging violations of Title VII by Defendant. All conditions precedent to the institution of this lawsuit have been fulfilled.

7.      Since at least July 2007, Defendant has engaged in unlawful employment practices by demoting Brenda Coe from her Department Manager position because she was trying to get pregnant, in violation of Section 703(a)(1) of Title VII, 42 U.S.C. § 2000e-2(a)(1).

8.      The effect of the practice(s) complained of in paragraph 12 above has been to deprive Brenda Coe of equal employment opportunities and otherwise adversely affect her status as an employee because of her sex.

9.      The unlawful employment practices complained of in paragraph 12 above were intentional.

10. The unlawful employment practices complained of in paragraph 12 above were done with malice or with reckless indifference to the federally protected rights of Brenda Coe.

## **PRAYER FOR RELIEF**

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from engaging in discrimination on the basis of sex and/or pregnancy.

B. Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for all employees regardless of sex and/or pregnancy, and which eradicate the effects of its past and present unlawful employment practices.

C. Order Defendant to make whole Brenda Coe by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices.

D. Order Defendant to make whole Brenda Coe by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraph 12 above, in amounts to be determined at trial.

E. Order Defendant to make whole Brenda Coe by providing compensation for past and future non-pecuniary losses resulting from the unlawful practices complained of in paragraph 12 above, including, but not limited to, emotional pain and suffering, in amounts to be determined at trial.

F. Order Defendant to pay Brenda Coe punitive damages for its malicious and reckless conduct described in paragraph 12 above, in amounts to be determined at trial.

    G.    Grant such further relief as the Court deems necessary and proper in the public interest.

    K.    Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

Respectfully submitted,

Ronald S. Cooper
General Counsel

Gwendolyn Young Reams
Associate General Counsel
Equal Employment Opportunity Commission
1801 "L" Street, N.W.
Washington, D.C.  20507

s/ John C. Hendrickson
_____

John C. Hendrickson
Regional Attorney

s/ Diane I. Smason
_____

Diane I. Smason
Supervisory Trial Attorney

s/ June Wallace Calhoun
_____

June Wallace Calhoun A.R.D.C. #06202058
Trial Attorney
Equal Employment Opportunity Commission
500 West Madison Street, Suite 2000
Chicago, Illinois  60661
(312) 353-7259, June.Calhoun@eeoc.gov