# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION,

Plaintiff,

v.

MENARD INC.,

Defendant.                                              No. 08-0655-DRH

## MEMORANDUM and ORDER

**HERNDON, Chief Judge:**

### I. Introduction

Now before the Court is Menard, Inc.'s motion to dismiss, or in the alternative, for stay (Doc. 30). Specifically, Menard, Inc. ("Menard") moves the Court to dismiss this case with prejudice because it claims that the Equal Employment Opportunity Commission ("EEOC") failed to engage in good faith conciliation prior to filing suit. The EEOC opposes the motion (Doc. 35). Based on the record, the applicable law and the following, the Court denies the motion.

On July 14, 2008, the EEOC issued its Letter of Determination which included an invitation for Menard to participate in conciliation and noted that if Menard was interested it should provide its proposed terms of a conciliation agreement to the EEOC within fourteen (14) days. On July 21, 2008, attorney Michael Westcott contacted the EEOC regarding conciliation. On July 22, 2008,

EEOC representative Monica Loser emailed Mr. Westcott acknowledging Mr. Westcott's phone call from the previous day and informing Mr. Westcott that the conciliation proposal should be forwarded to her attention.

On July 24, 2008, Westcott forwarded the conciliation proposal to Ms. Loser, via email and first-class mail. The proposal offered Ms. Coe the full amount of back pay Menard believed Coe would be entitled to should she prevail – $515.34. On July 30, 2008, Mr. Westcott's office emailed Ms. Loser to verify that she received the July 24, 2008 conciliation proposal. That same day, Ms. Loser emailed back confirming that she received the proposal. Thereafter on August 15, 2008, the EEOC provided the following correspondence to Mr. Westcott:

> The Equal Employment Opportunity Commission (EEOC) has determined that its efforts to conciliate the above captioned charge as required by Title VII of the Civil Rights Act of 1964, as amended, have been unsuccessful. This letter satisfies the notice requirement of Section 1601.25 of the Commission's Regulations, which requires the EEOC to notify a respondent in writing when it determines that further conciliation efforts would be futile or non-productive.
>
> The Commission will not attempt further to conciliate this charge. At this time we are forwarding the case to our Legal Unit for possible litigation....

Subsequently, on September 22, 2008, the EEOC, on behalf Brenda Coe, filed suit against Menard, Coe's former employer, for violations of Title VII of the Civil Rights Act of 1964 and TItle I of the Civil rights act of 1991. The complaint alleges that Menard demoted Coe from her Department Manager position because she was trying to get pregnant (Doc. 4).

## II. Analysis

The EEOC is charged with making a "good faith" effort to conciliate before filing suit. *See EEOC v. First Midwest Bank, N.A.,* 14 F.Supp.2d 1028, 1031 (N.D.Ill.1998) (citing *Keco Indus., Inc.,* 748 F.2d at 1102; *EEOC v. Zia Co.,* 582 F.2d 527, 533 (10th Cir. 1978)). Conciliation, however, is "'a flexible and responsive process which necessarily differs from case to case.'" *Id.* (quoting *EEOC v. Prudential Fed. Sav. & Loan Ass'n,* 763 F.2d 1166, 1169 (10th Cir. 1985), *cert. denied,* 474 U.S. 946, 106 S.Ct. 312, 88 L.Ed.2d 289 (1985)). Thus, " '[t]he EEOC may make a sufficient initial effort without undertaking exhaustive investigations or proving discrimination to the employer's satisfaction ... so long as it makes a sincere and reasonable effort to negotiate by providing an "adequate opportunity to respond to all charges and negotiate possible settlements." ' " *Id.* (quoting *Prudential,* 763 F.2d at 1169; *Marshall v. Hartford Fire. Ins. Co.,* 78 F.R.D. 97, 107 (D.Conn.1978)). The judiciary's role in reviewing the conciliation process is limited, as "the form and substance of the EEOC's conciliation proposals" are within the agency's discretion and, therefore, immune from judicial second-guessing. *See id.* (citing *Keno Indus., Inc.,* 748 F.2d at 1102; *EEOC v. Acorn Niles Corp.,* No. 93 C 5981, 1995 WL 519976, at *6 (N.D.Ill. Aug.30, 1995)).

Menard contends that the EEOC failed to engage in good faith conciliation. On July 14, 2008, the EEOC's Determination and invitation to participate in conciliation was sent to Menard. Menard claims that it responded with

a good faith offer of settlement of $515.34 within the fourteen day time frame and that the EEOC did not make a counter-proposal or engage Menard in any dialogue concerning the case. The EEOC counters that Menard's argument is without merit, that it did make a good faith effort to conciliate and that Menard made clear that it would only offer less than nuisance value and that it was not serious in settling. Specifically, the EEOC asserts that Menard's conciliation proposal also stated: "[W]e do not believe it would be a useful expenditure of time to factor the likelihood of success on the merits into this formula." EEOC further asserts that this shows that Defendant refused to offer any relief for compensatory or punitive damages. The EEOC contends that Ms. Loser understood from her communications with Menard that it was unwilling to offer anymore above back pay.

      Here, the Court agrees with EEOC. The Court finds that refusing a take it or leave it offer as the one submitted by Menard is not failing to comply with its statutory duty. Under the circumstances of this case, the Court concludes that the EEOC satisfied its rights and obligations.

### III. Conclusion

Accordingly, the Court **DENIES** Defendant Menard, Inc.'s motion to dismiss, or in the alternative, for stay (Doc. 30).

**IT IS SO ORDERED.**

Signed this 17th day of June, 2009.

/s/      *DavidRHerndon*
**Chief Judge**
**United States District Court**