# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,** | ) <br> ) **CASE NO. 08-655-DHR-CJP** <br> ) |
| **Plaintiff** | ) <br> ) |
| v. | ) **CJRA TRACK B** <br> ) |
| **MENARD, INC.,** | ) **JUDGE DAVID R. HERNDON** <br> ) |
| **Defendant.** | ) <br> ) |

## <u>CONSENT DECREE</u>

### Introduction

1. Plaintiff U.S. Equal Employment Opportunity Commission (the "EEOC" or "Commission") filed this action alleging that Menard, Inc. ("Menard") discriminated against Brenda L. Coe ("Coe") on the basis of her sex, female (pregnancy), by demoting her from her Department Manager position because she was trying to get pregnant, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq*. ("Title VII"), and Title I of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.  Menard filed an Answer in which it denied the allegations that it discriminated against Coe on the basis of pregnancy.

2. In the interest of resolving this matter and as a result of comprehensive settlement negotiations, the parties have agreed that this action should be finally resolved by entry of this Consent Decree.  This Consent Decree fully and finally resolves any and all issues and claims arising out of the Complaint filed by the EEOC.

3. Nothing in this Consent Decree constitutes an admission by either the EEOC or Menard as to the claims or defenses of the other.

## FINDINGS

4.  Having carefully examined the terms and provisions of this Consent Decree, and based on the pleadings, records and stipulations of the parties, the Court finds the following:

   a. This Court has jurisdiction of the subject matter of this action and of the parties.

   b. The terms of this Consent Decree are adequate, fair, reasonable, equitable and just. The rights of EEOC, Menard, Coe and the public interest are adequately protected by this Consent Decree.

   c. This Consent Decree conforms with the Federal Rules of Civil Procedure and Title VII and is not in derogation of the rights or privileges of any person. The entry of this Consent Decree will further the objectives of Title VII and will be in the best interests of the parties, Coe and the public.

**THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED THAT:**

## NON-DISCRIMINATION AND NON-RETALIATION

5.  Menard, its officers, agents, employees, successors, assigns and all persons acting in concert with it will not discriminate against any employee at the Effingham, Illinois Menard store on the basis of sex (pregnancy) and will not engage in any form of retaliation against any person at its Effingham, Illinois store because that person has opposed any policy or practice made unlawful under Title VII, has filed a charge with EEOC, or because of the person's participation in or cooperation with the initiation, investigation, litigation, resolution and/or administration of any case under Title VII or asserted rights under this Consent Decree.

**MONETARY RELIEF**

6. To resolve the claims in this litigation, Menard has agreed to pay the gross amount of $10,000 to Coe.

7. EEOC will mail a copy of the Release Agreement (attached hereto as Exhibit A) to Coe, and she will execute and return the release agreement to EEOC.  EEOC will send Menard the executed release agreement.

8. Within five (5) business days after receipt by Menard of the signed Release Agreement, Menard shall issue and mail by certified mail to Coe a cashier's check in the amount of $515.35, less applicable withholding taxes.  This shall constitute the IRS Form W-2 wage portion of the settlement proceeds.  At the same time, Menard shall issue a second check in the amount of $9,484.65 made payable to Brenda Coe.  This shall constitute the non-wage portion of the settlement proceeds and represents IRS Form 1099 non-wage income.  EEOC shall provide Menard with the current address for Coe.  Menard will also send a copy of the checks to EEOC.

**POSTING OF NOTICE**

9. Within five (5) business days after entry of this Consent Decree, Menard shall post a same-size copy of the Notice attached as Exhibit B to this Consent Decree in a location at Menard's Effingham, Illinois store where notices to employees and applicants for employment at such store are normally posted.  The Notice shall remain posted until that date which is one (1) year from the date of entry of this Consent Decree.  Menard shall take all reasonable steps to ensure that its posting is not altered, defaced or covered by any other material.  Menard shall certify to the EEOC in writing within ten (10) days after the date of such posting that the copy of the Notice has been properly posted.  Menard shall provide sworn written verification on a quarterly basis of its compliance with this Paragraph.

## RECORD KEEPING

10. For a period of one (1) year following entry of this Consent Decree, Menard shall document and maintain and make available for inspection and copying by the EEOC records of each written or oral complaint of sex discrimination relating to pregnancy received by Menard at its Effingham, Illinois store. The documents required to be maintained under this Paragraph shall include the name, address, social security number and telephone number of the complainant, the date of the report or complaint, all facts that were alleged, the name(s) of any witnesses, what actions, if any, Menard took to resolve the complaint, and the resolution of the report or complaint.

11. Menard shall make all documents or records referred to in paragraph 9, above, available for inspection and copying within ten (10) business days after the EEOC so requests. In addition, Menard shall require personnel within its employ whom EEOC reasonably requests for purposes of verifying compliance with this Consent Decree to cooperate with EEOC and to be interviewed.

## REPORTING

12. Menard shall furnish to the EEOC the following written reports semi-annually for a period of one (1) year following entry of this Consent Decree. The first report shall be due six (6) months after entry of this Consent Decree. The final report shall be due eleven months (11) after entry of the Consent Decree. Each such report shall contain (a) the information required to be maintained pursuant to paragraph 9, above, and (b) a certification by Menard that the Notice required to be posted pursuant to paragraph 8, above, remained posted during the entire six (6) month period preceding the report.

**TRAINING**

13. During the one (1) year covered by this Consent Decree, all of Menard's management level employees at its Effingham, Illinois store shall participate in a one-time training session by a trainer selected by Menard and approved by EEOC regarding sex discrimination and Menard's policies regarding such discrimination. All current human resources employees who are in any way involved in the operation of Menard's Effingham, Illinois store shall also participate in such training, and any new human resources employee at Menard's Effingham store shall receive such training prior to starting work. Menard shall provide the proposed training materials to EEOC at least fifteen (15) business days prior to the proposed date of the training. The training shall take place within ninety (90) days of entry of this Consent Decree.

14. Menard shall certify to EEOC in writing within five (5) business days after the training has occurred that the training has taken place and that the required personnel have attended. Such certification shall include: (i) the date, location and duration of the training; and (ii) a copy of the registry of attendance, which shall include the name and position of each person in attendance.

15. Menard shall also provide EEOC with any and all copies of pamphlets, brochures, outlines or other written material(s) provided to the participants of the training session(s).

**DISPUTE RESOLUTION**

16. In the event that either party to this Consent Decree believes that the other party has failed to comply with any provision(s) of the Consent Decree, the complaining party shall notify the other party of the alleged non-compliance and shall afford the alleged non-complying party ten (10) business days to remedy the non-compliance or to satisfy the complaining party

that the alleged non-complying party has complied. If the alleged non-complying party has not remedied the alleged non-compliance or satisfied the complaining party that it has complied within ten (10) business days, the complaining party may apply to the Court for appropriate relief.

### DURATION OF DECREE AND RETENTION OF JURISDICTION

17. All provisions of this Consent Decree shall be in effect (and the Court shall retain jurisdiction of this matter to enforce this Consent Decree) for a period of one (1) year immediately following entry of the Consent Decree, provided, however, that if, at the end of the one (1) year period, any disputes under ¶ 16, above, remain unresolved, the term of the Consent Decree shall be automatically extended (and the Court will retain jurisdiction of this matter to enforce the Consent Decree) until such time as all such disputes have been resolved.

### MISCELLANEOUS PROVISIONS

18. Each party to this Consent Decree shall bear its own expenses, costs and attorneys' fees.

19. The terms of this Decree shall be binding upon the present and future directors, officers, managers, agents, successors and assigns of Menard. Menard, and any successor(s) of Menard, shall provide a copy of this Decree to any organization or person who proposes to acquire or merge with Menard, or any successor of Menard, prior to the effectiveness of any such acquisition or merger. This paragraph shall not be deemed to limit any remedies available in the event of any finding by the Court regarding a violation of this Consent Decree.

20. If any provision(s) of the Consent Decree are found to be unlawful, only such provision(s) shall be severed, and the remainder of the Consent Decree shall remain in full force and effect.

21. When this Consent Decree requires the submission by Menard of reports, certifications, notices or other materials to the EEOC, they shall be mailed to: Menard, Inc., Title VII Settlement, Equal Employment Opportunity Commission, 500 West Madison Street, Suite 2000, Chicago, Illinois 60661.  When this Consent Decree requires submission by the EEOC of materials to Menard they shall be mailed to: Michael J. Modl and/or Timothy D. Edwards, AXLEY BRYNELSON LLP, 2 East Mifflin Street, Suite 200, Madison, WI 53703.

ENTER:

Dated: September 14, 2010

/s/   David R Herndon
Chief Judge
United States District Court

<u>NOTICE TO ALL EMPLOYEES AND APPLICANTS OF
MENARD, INC.</u>

   This Notice is being posted pursuant to a Consent Decree entered by the federal court in <u>EEOC v. Menard, Inc.,</u> No. 08-655 DRH/CJP (S.D. Ill.), resolving a lawsuit filed by the Equal Employment Opportunity Commission ("EEOC") against Menard, Inc. ("Menard").

   In its suit, the EEOC alleged that Menard discriminated against a female employee at its Effingham, Illinois store in that it demoted her from her Department Manager position because she was trying to get pregnant, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq. ("Title VII").  Menard filed an Answer in which it denied the allegations of discrimination in the Complaint filed by the EEOC.

   To resolve the case, Menard and EEOC have entered into a Consent Decree which provides, among other things, that:

   1)  Menard will pay monetary relief in the gross amount of $10,000 to the aggrieved employee;

   2)  Menard will not discriminate against any employee on the basis of pregnancy and will not retaliate against any employee because (s)he opposed any practice made unlawful by Title VII, filed a Title VII charge of discrimination, participated in any Title VII proceeding, or asserted any rights under the Consent Decree; and

   3)  Menard will provide mandatory training to management level employees regarding sex discrimination and Menard's policies prohibiting such discrimination.

   EEOC enforces the federal laws against discrimination in employment on the basis of race, color, religion, national origin, sex, age or disability.  If you believe you have been discriminated against, you may contact EEOC at (312) 353-8195.  EEOC charges no fees and has a TTD number.

**THIS IS AN OFFICIAL NOTICE AND MUST NOT BE DEFACED BY ANYONE**

**This Notice must remain posted for one (1) year from the date below and must not be altered, defaced or covered by any other material.  Any questions about this Notice or compliance with its terms may be directed to: June Wallace Calhoun, EEOC, 500 West Madison Street, Suite 2000, Chicago, IL 60661.**

Date: September 14, 2010         Chief Judge David R. Herndon
                    United States District Court